UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                      Case No. 17-20261

CARLOS GASPER HARPER,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE**

Defendant Carlos Gasper Harper pleaded guilty to conspiracy to interfere with commerce by robbery, four counts of interference with commerce by robbery, and two counts of use of a firearm during and in relation to a crime of violence. (ECF No. 41.) In April 2018, he was sentenced to 655 months imprisonment. (ECF No. 55.) Defendant is currently incarcerated at USP Hazelton and is scheduled to be released on March 15, 2065. Pending before the court is Defendant's Motion for Compassionate Release. (ECF No. 97.)

Defendant is 41 years old and has been diagnosed with asthma, high blood pressure, and Type II Diabetes. (*Id.* at PageID.583.) He argues that his release is justified based on these health conditions because they place him at an increased risk of contracting the Coronavirus Disease ("COVID-19") while incarcerated. In response, the Government concedes that Defendant's diabetes diagnosis makes him more vulnerable to COVID-19 and qualifies as an "extraordinary and compelling reason[] for release" under Sentencing Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A)). (ECF No.

96, PageID.667.) Nevertheless, the Government maintains that Defendant's motion should be denied because Defendant would present a danger to the community if released and further argues that the sentencing factors outlined in 18 U.S.C. § 3553 do not support his early release. The court has reviewed the record in this case and finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will deny Defendant's motion.

The Government does not challenge Defendant's satisfaction of the administrative exhaustion requirement. (ECF No. 96, PageID.656.) Accordingly, the court cuts to the merits of the instant motion. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited.").

If, such as in this case, a Defendant presents "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A), the court must then consider the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Relevant here, § 1B1.13 provides that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g).

The Government argues that Defendant would pose a danger to the community if released. (ECF No. 96, PageID.668.) The court readily agrees with this proposition. During sentencing, the court observed that Defendant's violent criminal behavior

presents the hallmarks of sociopathy. (ECF No. 64, PageID.377.) The Government's brief in opposition reads largely as a chronology of Defendant's most egregious crimes.

At the age of sixteen, Defendant was convicted of assault with intent to murder after he fired a shot at a group of individuals in a neighborhood in Detroit. (ECF No. 96. at PageID. 653.) After he was released on parole, he promptly amassed a series of violations for new arrests. At age twenty-four, he was convicted of felonious assault for attempting to stab a man in the chest. When he was paroled for that offense, he accumulated additional violations and was subsequently arrested for possession of cocaine. Defendant's violent behavior has only increased in recent years. During the instant five-robbery spree, Defendant shot and critically injured two women and discharged a firearm at the feet of a young child. (ECF No. 96, PageID.668.) A mere six months after the last of these robberies, Defendant was arrested for assault and battery and resisting arrest after he repeatedly punched and kicked pregnant store clerk who caught him shoplifting. (*Id.* at PageID.650; ECF No. 94-2,PageID.611.) Then, while in prison for the assault, he stabbed another inmate. (ECF No. 96, PageID.651.)

The court recognized the devastating impact of Defendant's violent behavior at sentencing and noted that the sentence imposed reflected the need for Defendant to be separated from society. (ECF No. 64,PageID.375-76.) The court sees no reason to depart from its previous determination at this early stage in Defendant's sentence. Defendant's motion will be denied—indeed denied quite emphatically—because the court concludes that Defendant continues to pose a danger to the community. Furthermore, the sentencing factors weighed most heavily by the court continue to support his prolonged detention.

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives." *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming denial of compassionate release after consideration of § 3553(a)'s factors).

**"[T]he nature and circumstances of the offense and the history and characteristics of the defendant."** 18 U.S.C. § 3553(a)(1). As explained above, Defendant has a lengthy criminal record marked by considerable violence. Defendant has demonstrated an inability to comply with the terms of release and the conditions of

4

his incarceration. In fact, a Michigan Presentence Report from 2015 states that while incarcerated with the Michigan Department of Corrections, Defendant accumulated 42 misconduct tickets. (ECF No. 96, PageID.652.) Though Defendant endured a remarkably difficult upbringing, those circumstances do not excuse his conduct. This factor strongly weighs against release.

**"The need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."** 18 U.S.C. § 3553(a)(2)(A). The court considered this factor most heavily in denying the instant motion. Defendant's crimes directly endangered the lives of multiple, innocent bystanders. His lengthy criminal record shows that he has little regard for the law. Continued incarceration is necessary to impose adequate punishment and reflect the seriousness of his crimes.

**"The need for the sentence imposed . . . to afford adequate deterrence to criminal conduct."** 18 U.S.C. § 3553(a)(2)(B). As the court observed during Defendant's sentencing, the severity of Defendant's crimes and his criminal history necessitated the very lengthy sentence implicated by the Guidelines calculations to deter further criminal conduct. (ECF No. 64, PageID.375.) This factor weighs against release.

**"[T]he sentencing range established."** 18 U.S.C. § 3553(a)(4). Defendant's guidelines ranged from 360 months to life. (ECF No. 94-2, PageID.621.) The court sentenced him to a within-the-guidelines sentence of 655 months, which the court acknowledged was possibly the functional equivalent to a life sentence. (ECF No. 64, PageID.375.) At this stage, Defendant has served less than 5% of his total sentence; a

5

much more ample satisfaction of his sentence will better accomplish the objectives of sentencing.

In the alternative, Defendant asks the court to be released on home confinement. (ECF No. 94, PageID.572.) The court will deny this request because the BOP holds the exclusive authority to determine a prisoner's place of imprisonment. 18 U.S.C. § 3621(b). The court leaves such a determination regarding the suitability of home confinement to the sound discretion of BOP.

In sum, the fact that Defendant suffers from a medical condition which increases his possible vulnerability to COVID-19 does not, in itself, justify the extraordinary remedy of compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of Covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). To be eligible for release, the court must conclude that Defendant would not pose a risk to the community. But for the reasons explained above—especially at this early stage in Defendant's sentence—the court cannot make this required finding based Defendant's extensive history of extraordinarily violent and anti-social criminal behavior. Accordingly,

IT IS ORDERED that Defendant's Motion for Compassionate Release (ECF No. 94) is DENIED.

                                                  s/Robert H. Cleland              /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: August 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 30, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                         /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Criminal\17-20261.HARPER.MotionforCompassionateRelease.HEK.RHC.docx